JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

BENJAMIN P. TOLKOFF (NYBN 4294443)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7296
    Facsimile: (415) 436-7234
    Email: Benjamin.Tolkoff@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-230 SI |
| Plaintiff, | [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT TORRICK WILLIAMS |
| v. | |
| TORRICK WILLIAMS, | |
| Defendant. | |

    The defendant Torrick Williams came before the Court on May 13, 2010, for a detention hearing. The defendant was present and represented by Mr. Mark Rosenbush. Assistant United States Attorney Benjamin Tolkoff represented the United States.

    The government requested detention, submitting that no condition or combination of conditions of release would reasonably assure the safety of the community or the defendant's appearance as required.

    Pretrial Services submitted a report recommending detention of the defendant on the grounds of danger to the community and risk of non-appearance.

[PROPOSED] DETENTION ORDER
WILLIAMS; CR 10-230 SI

1  Upon consideration of the Pretrial Services report, the court file and the party proffers as
2  discussed below, the Court finds by clear and convincing evidence that the defendant poses a
3  danger to the community and that no conditions could reasonably assure the safety of the
4  community or the defendant's appearance as required. The Court orders the defendant detained,
5  however, the Court orders the parties to appear on May 27, 2010, for reconsideration and
6  possible placement of the defendant in a halfway house.
7  The present order supplements the Court's findings at the detention hearing and serves as
8  a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).
9  The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the
10 Court must consider in determining whether pretrial detention is warranted. In coming to its
11 decision, the Court has considered those factors, paraphrased below:
12   (1) the nature and seriousness of the offense charged;
13   (2) the weight of the evidence against the person;
14   (3) the history and characteristics of the person including, among other considerations,
15       employment, past conduct and criminal history, and records of court appearances; and
16   (4) the nature and seriousness of the danger to any person or the community that would
17       be posed by the person's release.
18 18 U.S.C. § 3142(g).
19  The defendant is charged with one count of violating 18 U.S.C. § 922(g)(1) (felon in
20 possession of a firearm). The instant charge stems from an incident on or about November 24,
21 2009. On that day, the defendant allegedly sold a firearm to an undercover agent of the Bureau
22 of Alcohol, Tobacco, Firearms and Explosives. Based on the proffer of government counsel, this
23 transaction took place in broad daylight in the parking lot of a supermarket here in San Francisco,
24 and the transaction is captured on a video recording.
25  In considering all of the facts and proffers presented at the hearing, the Court finds the
26 following factors among the most compelling in reaching its conclusion that no combination of
27 conditions could reasonably assure the defendant's appearance as required:
28  First, the defendant's criminal record, which dates back to 1996, reflects that he has
violated the terms of pretrial release in nearly every case against him. Throughout the past

[PROPOSED] DETENTION ORDER
IULIO; CR 10-168 JSW

fourteen years bench warrants have been issued for the defendant, for failure to appear as required no fewer than a dozen times. The defendant's record also reflects that he has violated the terms of probation multiple times in nearly every case in which he was convicted. This demonstrates by a preponderance that the defendant is not amenable to court supervision and will not appear as required in this case.

Second, the defendant's record reflects prior convictions and probation violations for firearms crimes and crimes of violence including battery and domestic violence.

Third, there is evidence that the defendant has identified a suspected informant in this case. That evidence is reflected in jail calls that the parties discussed by way of proffer. The government proffered that the defendant attempted to call this suspected informant but was unable to, and that his fiancé, Ms. Kenita Hearnes, thereafter called and threatened the suspected informant. Ms. Hearnes was apparently present on the day of the transaction that led to the instant charge and, according to the government, is a willing participant in the defendant's criminal activity. Mr. Rosenbush argued that this was a misinterpretation of the jail calls.

These factors, among others adduced at the hearing, demonstrate by clear and convincing evidence that the defendant is a danger to the community and demonstrate by a preponderance of the evidence that he will not appear as required. However, based on the dispute over the nature of the jail calls, and their obvious importance to the Court's decision, the Court will listen to the jail calls and reconsider this matter on May 27, 2010. If, upon reviewing the recordings, the Court finds that the defendant can be released, the Court will consider releasing him to a halfway house.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any

[PROPOSED] DETENTION ORDER
IULIO; CR 10-168 JSW

1 | appearance in connection with a court proceeding.

2 |     (4) the defendant and the parties shall appear before the Court on Thursday, May 27,

3 | 2010, for reconsideration of this order based on additional evidence reviewed by the Court.

Dated: 5/14/10

_____
HONORABLE MARIA ELENA JAMES
Chief United States Magistrate Judge

[PROPOSED] DETENTION ORDER
IULIO; CR 10-168 JSW