IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>TORRICK WILLIAMS,<br><br>        Defendant.<br>_____/ | No. C 10-00230 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISCLOSE** |

Defendant Torrick Williams is charged with being a felon in possession of a firearm under 18 U.S.C. section 922(g)(1). The charge is based on Mr. Williams' alleged sale of a handgun to undercover ATF Agent Robert Tucker. Motion at 4. The transaction was allegedly arranged by a confidential informant ("CI"), who initiated the contact between Agent Tucker and Mr. Williams. Motion at 1, ¶ 2. Defendant's counsel alleges that the CI is related to Mr. Williams. *Id.* Defendant's counsel also alleges that the CI participated in unrecorded negotiations leading up to the transaction and was present when Agent Tucker purchased the gun from Mr. Williams. *Id.* The government contends that the CI was not present at the time of the alleged sale of the gun, which took place in Agent Tucker's car. Opposition at 2. In support, the government notes that the transaction was captured on a hidden video camera showing that Agent Tucker and defendant Williams were alone in the car at the time of the sale. *Id.*

Defendant Williams now moves for disclosure of information concerning the informant, specifically: (1) the informant's identity, address, and whereabouts; (2) description of all consideration provided by the government to the informant in return for cooperation with the government; (3) specification of all criminal investigations or prosecutions in which the informant cooperated with the

government; (4) the informant's criminal history; and (5) all other relevant information bearing on informant's credibility. *See* Notice of Motion. Defendant argues that the information he seeks should be disclosed not only because the CI is a material and percipient witness, but also because the information is necessary for Mr. Williams to investigate a possible entrapment defense. Motion at 4-5.

The government opposes the motion, arguing that defendant has failed to show that he has a viable entrapment defense or otherwise explain why the information should be disclosed at this juncture, as opposed to right before trial. After the close of briefing, the government filed a Sur-Reply further arguing that defendant failed to establish a possible entrapment defense, specifically that defendant has failed to show that he was not predisposed to commit the crime. To support that argument, the government attached a copy of the video recording of the gun sale and a copy of defendant's rap sheet, showing two prior firearm convictions. The government also disputed, in a footnote, defense counsel's assertion that defendant is not a threat to the CI by citing generally to a CD of jailhouse calls between defendant and his fiancé regarding attempted calls to the CI. *See* Exhibit 3 to Sur-Reply. The Court granted a request to continue the hearing on this Motion so that defendant could have adequate time to respond to the arguments and evidence submitted with the Sur-Rely.

**LEGAL STANDARD**

To gain access to an informant's identity, the defendant must articulate facts showing that "in an actual trial of a federal criminal case," the informant can provide information "relevant and helpful to the defense of an accused" or "essential to a fair determination of [a] cause" – especially where the informant is an active participant or witness to the charged offense. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *McCray v. Illinois*, 386 U.S. 300, 309-10 (1967). Disclosure of an informant's identity is proper when there is "more than a 'mere suspicion' of the value" of the informant's information. *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993), citing *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990). Defendant carries the burden of demonstrating the need for disclosure. *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1993).

Should the Court conclude that the informant's identity might be necessary, the Court must balance several factors including, but not limited to: (1) the crime charged; (2) possible defenses; and

1  (3) the possible significance of the informant's testimony. *Roviaro*, 353 U.S. at 62; *United States v. Si*
2  *Keung Wong*, 886 F.2d 252, 255-56 (9th Cir. 1989). This assessment requires "balancing the public
3  interest in protecting the flow of information against the individual's right to prepare his defense."
4  *Roviaro*, 353 U.S. at 62. Other "relevant factors" include consideration of the informant's personal
5  safety following disclosure. *Wong*, 886 F.2d at 256.

## DISCUSSION

As an initial matter, the Court acknowledges that this case is unique because defendant believes that he knows the identity of the CI, the defense's investigator has already attempted to interview the CI, and the defense has begun to document the CI's criminal history and other potential bias information. *See* Supplemental Memo at 6:1-3; *see also* Reply at 5-6. Nevertheless, the parties spend the bulk of their papers arguing whether disclosure of the CI's identity is warranted under *Roviaro*. Defendant, it is assumed, would like confirmation that the relative he suspects is the CI, is in fact the CI.

With respect to *Roviaro's* threshold requirement, the Court agrees with the defendant that disclosure of the CI's identity might be necessary. *Roviaro*, 353 U.S. at 60-61. Information regarding the CI's initial contacts with the ATF Agent and the CI's negotiations regarding the transaction would be valuable to defendant's entrapment defense. As defendant points out, these initial contacts were not recorded. The only source of this information, other than defendant's own testimony, is the CI who defendant confirms he will call as a trial witness. Reply at 1. As such, defendant has demonstrated that there is "more than a 'mere suspicion' of the value" of the confidential informant's information. *United States v. Amador-Galvan*, 9 F.3d at 1417.

The government argues that the motion should be denied because defendant has failed to "plead facts" within his knowledge showing the basis for his entrapment claim. The Court finds that defendant's motion, as supported by the declaration of counsel, establishes a good faith basis for his entrapment defense, particularly the allegations regarding the CI's alleged use of the family relationship

to induce defendant to act.[1]

The government also argues that the motion should be denied because defendant does not establish that he has a strong claim of entrapment, particularly that he would be "reluctant" to commit the crime despite his two prior firearm convictions and the fact that the video recording shows defendant "grinning from ear-to-ear as he sells Agent Tucker a firearm."[2] Sur-Reply at 3-4. The government fails to recognize that where a defendant has shown inducement – which the CI's testimony is necessary for here – the burden shifts to the prosecution to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *McClelland*, 72 F.3d at 722, n.2. The government's argument, therefore, is not only premature on this motion but misconstrues its own burden.

As such, the Court must apply the *Roviaro* balancing test factors in order to determine whether the government should be compelled to disclose the informant's identity. First, defendant is charged with being a felon in possession of a firearm, not the use of a firearm. As defendant argues, the video recording of the transaction shows that Mr. Williams didn't intend to keep the gun, but only secured it and passed it along to the ATF agent. Moreover, there are no co-defendants involved, allegations of a conspiracy or involvement in a criminal organization which would raise additional concerns. The nature of the crime, therefore, weighs in favor of disclosure.

Second, with respect to the possible defenses, the information sought is not only relevant to, but necessary for defendant's entrapment defense. *See, e.g., United States v. Hernandez*, 608 F.2d 741, 744-45 (9th Cir. 1979) (granting a motion to disclose where the informant was a participant in events that were critical to the prosecution's case). In light of defendant's constitutional right not to take the stand in his defense, the CI is the only witness for many of the alleged conversations prior to the transaction.

---

[1] The government asserts that the defendant must himself submit a declaration to establish that the information sought from the CI would be relevant and helpful to his defense, and that a declaration from defense counsel is insufficient. *See* Oppo. at 3; Sur-Reply at 2. The government, however, does not cite to any authority that a defendant cannot proceed on a motion to disclose an informant by way of declaration of counsel.

[2] The predisposition element of an entrapment defense "is established only after analyzing five factors: 1) the character and reputation of the defendant; 2) whether the government made the initial suggestion of criminal activity; 3) whether the defendant engaged in the activity for profit; 4) whether the defendant showed any reluctance; and 5) the nature of the government's inducement." *United States v. McClelland*, 72 F.3d 717, 722 (9th Cir. 1995).

4

*See, e.g., Roviaro*, 353 U.S. 64 (noting that defendant's own potential testimony and testimony of a government agent are no substitute for the testimony of an informant who had helped to set up the criminal occurrence).

Third, the CI's potential testimony is, as noted above, especially significant as the conversations between the CI and defendant, as well as those between the CI, defendant and the ATF Agent were not recorded. Finally, while the Court is cognizant of potential safety concerns of the CI from the disclosure of the CI's identity, the Court does not find that those concerns are well-substantiated. From the CD of jailhouse calls between defendant and his fiancé submitted by the government, defense counsel provided the court with transcripts of the calls and points the Court to the portions of the conversations regarding calls made by defendant's fiancé to the CI. As the transcripts demonstrate, defendant wanted his fiancé to contact the CI because he was looking for information as to why he was arrested. Defendant's Ex. A, 54:10-11; Ex. B, 6:21-7:16; Ex. C, 8:19-10:6. Once it became clear that the person who defendant had sold the gun to was an ATF agent, defendant put the pieces together and he instructed his fiancé not to make further calls to the CI. Defendant's Ex. D, 3:7-19; Ex. E, 11:24-14:25. Moreover, defendant did not instruct his fiancé to threaten the CI. Despite some admitted "cussing," there is no evidence that defendant's fiancé threatened the CI. There is no declaration from the CI or other evidence to support a finding that the CI has been or would be threatened by defendant or his agents or otherwise be placed in danger by disclosure of the information defendant seeks. *See United States v. Hernandez*, 608 F.2d at 745.

Balancing all of the factors, the Court concludes that defendant's motion to disclose the CI's identity, address and whereabouts should be granted. The Court is not persuaded that an *in camera* hearing with the CI is necessary to determine whether his/her testimony would be helpful to the defendant, given that it is undisputed that the CI was the connection between the ATF Agent and defendant Williams and was a participant in the events that led to the transaction. *Cf. United States v. Amador-Galvan*, 9 F.3d at 1417 (noting that an *in camera* hearing should have been held to determine whether informants had information that would be helpful to defendants).

**2.      Disclosure of Information Relevant to the CI's Credibility**

In contrast to the parties' extensive argument and case citations with respect to disclosure of the CI's identity – which, as noted above, is likely already known by defendant – the parties spend very little time arguing about the disclosure of information regarding the CI's credibility, including the consideration received by the CI for cooperation, the investigations or prosecutions where the CI cooperated with the government, and the CI's criminal history.

The government's main argument is that the information defendant seeks is *Giglio*[3] and *Jencks*[4] material, that the government does not have to produce where there is no indication the CI will testify at trial. Oppo. at 3. The defendant counters that the defense intends to call the CI as a witness, and argues that the credibility information is key to his entrapment defense as defendant believes that the CI has a long criminal history of numerous felony fraud and other serious convictions and charges. Reply at 5:12-24. The most recent of these includes a 2009 indictment in the Northern District of California which defendant alleges "apparently resulted in [the CI] assisting the ATF with setting up Mr. Williams to commit a crime that he would not otherwise have committed." Reply at 5:22-24. The government responds only that this information could be secured by defendant once he asks for a trial date and serves a witness subpoena, which the defendant has not done. The government's argument, however, ignores the fact that defendant seeks this information in order to prepare an entrapment defense, as well as the fact that simply because the defense may have some access to a percipient witnesses, the government is not relieved of its duty to disclose *Brady* material. Reply at 7; *see also Tennison v. City & County of San Francisco*, 570 F.3d 1078, 1091 (9th Cir. 2009).

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to disclose: (1) the informant's identity, address and whereabouts; (2) a description of all consideration provided by the government to the informant in return for cooperation with the

---

[3] *Giglio v. United States*, 405 U.S. 150 (1972).

[4] 18 U.S.C. § 3500.

government; (3) specification of all criminal investigations or prosecutions in which the informant cooperated with the government; (4) the informant's criminal history; and (5) all other relevant information bearing on the informant's credibility.

The government is ORDERED to turn over the information requested no later than September 17, 2010.

**IT IS SO ORDERED.**

Dated: August 30, 2010

SUSAN ILLSTON
United States District Judge