IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TORRICK WILLIAMS,<br><br>　　　　Defendant.　　　　　　　　／ | No. C 10-00230 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR DISCOVERY** |

Defendant's motion for discovery came on for hearing on November 4, 2010. For the following reasons, and after having considered the papers filed and argument made, the Court GRANTS in part and DENIES in part defendant's motion.

**BACKGROUND**

Defendant Torrick Williams is charged with being a felon in possession of a firearm under 18 U.S.C. section 922(g)(1). The charge is based on Mr. Williams' alleged sale of a handgun to undercover ATF Agent Robert Tucker. Motion for Discovery at 4. The transaction was allegedly arranged by a confidential informant ("CI"), who initiated the contact between Agent Tucker and Mr. Williams. Declaration of Mark Rosenbush, ¶ 2. Defendant plans to assert an entrapment defense to the charge, arguing that the CI – who is defendant's cousin – played upon the family connections to induce defendant to engage in the transaction with Agent Tucker. *Id.*, ¶ 2. Defendant's counsel alleges that the CI participated in negotiations leading up to the transaction and was present when Agent Tucker purchased the gun from Mr. Williams. *Id.*, ¶ 4. Defense counsel has asked the government to produce all recordings of conversations that occurred prior to the transaction between the informant and the

defendant, and between Agent Tucker and defendant. The government has informed defendant that no such recordings exist. *Id*.

Defendant now moves for discovery of the following: (1) all Bureau of Alcohol, Tobacco & Firearms (ATF) policies concerning recording and memorializing of contacts between informants and suspects and/or undercover agents and suspects; (2) all United States Department of Justice (DOJ) policies concerning recording and memorialization of contacts between informants and suspects, and/or undercover law enforcement officers and suspects; and (3) all exculpatory material contained in any personnel, ATF, or other federal law enforcement files concerning ATF Agent Tucker. Motion for Discovery at 1.

The government opposes the motion, arguing that defendant has not shown that the ATF or DOJ policies are "material" to the defense of this case and that defendant's request for personnel material regarding Agent Tucker is moot as the government, in its opposition, provided defendant with the results from its search for *Henthorn*[1] material.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 16 grants criminal defendants a right to discovery. The government must disclose, upon defendant's request, all "documents . . . within the government's possession, custody, or control . . . [that are] material to preparing the defense[.]" Fed. R. Crim. P. 16(a)(1)(E)(I). "A defendant must make a threshold showing of materiality, which requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)). However, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice." *Mandel*, 914 F.2d at 1219.

---

[1] *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

2

**DISCUSSION**

**1.     ATF and DOJ Policies**

Defendant argues that he is entitled to the ATF and DOJ policies regarding the recording of conversations between informants and suspects and agents and suspects as he intends to argue that Agent Tucker acted in bad faith in this case by failing to record the pre-transaction conversations in this case because the recordings would have shown how defendant was induced to participate in the gun sale. The government refuses to produce these policies, arguing that they are exempt from discovery under Federal Rule of Criminal Procedure 16(a)(2) and 28 C.F.R. section 1626(b). Rule 16(a)(2), however, does not apply to the discovery sought in this case. Rule 16(a)(2) provides an exemption from discovery for "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent *in connection* with investigating or prosecuting *the case*." Fed. R. Crim. P. 16(a)(2) (emphasis added). The documents defendant seeks here are not documents that were created in connection with this case. They are, instead, general policies and standards promulgated by federal agencies to apply in every case.[2]

With respect to 28 C.F.R. section 16.26(b), that regulation provides that the DOJ will not respond to demands for disclosure where: "Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." Section 16.26(b)(5). Assuming this section applies to discovery in a criminal case, as opposed to discovery sought through civil and administrative requests for disclosure, this section does not apply here because there is no argument that the documents sought are "investigatory records." Instead, as noted above, they are general policies.

The government also argues that defendant has failed to plead facts showing the materiality of the policies, but simply rests on conclusory allegations. *See, e.g., United States v. Santiago*, 46 F.3d

---

[2] The case cited by the government confirms that the exemption in Rule 16(a)(2) is limited to documents created in connection with the prosecution of a specific case or cases. *See, e.g., United States v. Fort*, 472 F.3d 1106 (9th Cir. 2007) (Rule 16(a)(2) exempts from disclosure "police reports created prior to federal involvement but relinquished to federal prosecutors to support a unified prosecution of Defendants for the same criminal activity that was the subject of the local investigation.").

3

885, 894-895 (9th Cir. 1995) (concluding that "conclusory allegation" of materiality of prison inmate files was insufficient); *United States v. Salyer*, 2010 U.S. Dist. LEXIS 82700 (E.D. Cal. July 8, 2010) (rejecting requests seeking a "vast amount of documentation" that "likely contain[] potential impeachment evidence" as overbroad and for failure to make a specific showing of materiality). The Court disagrees. Defendant has specifically identified a narrow category of policies he seeks to have produced which, he argues, will be used at trial to show that Agent Tucker acted in bad faith by failing to record the pre-transaction conversations. That argument is directly material to defendant's entrapment defense, as defendant alleges the pre-transaction conversations would – had they been recorded – have shown that he was induced to participate in the gun sale. *Cf. United States v. Stever*, 603 F.3d 747, 753 (9th Cir. 2010) (defendant adequately alleged how government information regarding operations by Mexican drug trafficking organizations was material to his defense).

Finally, the government argues that the policies are irrelevant to this case as Agent Tucker's declaration establishes that he was unable to record the pre-transaction conversations and, therefore, did not act in bad faith. *See* Oppo. at 6; Declaration of Special Agent Robert Tucker, ¶¶ 4-7. However, whether Agent Tucker could have recorded the conversations at issue and relatedly, whether Agent Tucker acted in bad faith, are matters for the jury to consider. Defendant is entitled to know what the ATF and DOJ policies are with respect to recording and memorializing conversations between informants and suspect and agents and suspects in order to support his bad faith argument and entrapment defense. The Court cannot decide whether those arguments will be successful as a matter of law at this juncture. *Compare United States v. Brimage*, 115 F.3d 73, 77-78 (1st Cir.1997) (defendants did not demonstrate, at trial, that an ATF agent's decision not to record an informant's solicitation of defendants' participation in a crime, in possible violation of ATF policy, mandated an inference of bad faith or required district court to hold an evidentiary hearing).

The government also argues that the disclosure of these confidential policies "would compromise the tactics and procedures the DOJ and ATF have promulgated for field agent's use on the street." Oppo. at 7. The Court is not clear on how providing defendant with the narrow set of policies he seeks would compromise the "tactics and procedures" of the DOJ, given Agent Tucker's publicly-filed declaration that if he could, he "would record all conversations with suspect and informants" and that

4

the conversations at issue here were not recorded because "[n]o recording device was immediately available." Tucker Decl., ¶¶ 4-6; *see also United States v. Brimage*, 115 F.3d at 77 n.1 (quoting ATF policy regarding recording of contacts with informants).

The Court is, however, cognizant of the confidential and sensitive nature of the policies. As such, the Court will grant the government's request and review the policies *in camera*. After conducting that review, the Court will produce the responsive documents, redacted if necessary, to defendant. The information released by the Court to defendant will be subject to the existing protective order and defendant's use of the information will be limited to the cross-examination of Agent Tucker at trial.

**2.    *Henthorn* Material**

Defendant also seeks all "exculpatory" materials contained in any personnel, ATF or other federal law enforcement files concerning Agent Tucker. The government, in its opposition, argues that it has searched for all such *Henthorn*[3] materials. The government attaches letters from the Inspector General's Office of the Department of the Treasury and the Chief Counsel's Office of the DOJ stating that no information regarding Agent Tucker that could be considered material under *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972) was found.

The Court concludes that the searches conducted by the government appear to be adequate and DENIES defendant's request as moot.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion for discovery of the DOJ and ATF policies and DENIES the request for *Henthorn* materials as moot.

---

[3] *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) (government has a duty to examine the personnel files of testifying officer upon defendant's request).

5

The government must produce the responsive policies to the Court for *in camera* review on or before November 19, 2010.

**IT IS SO ORDERED.**

Dated: November 4, 2010

SUSAN ILLSTON
United States District Judge