United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 10-00230 SI |
| Plaintiff, | **ORDER GRANTING GOVERNMENT'S APPLICATION TO FILE UNDER SEAL AND ORDERING DISCLOSURE TO DEFENSE COUNSEL UNDER PROTECTIVE ORDER** |
| v. | |
| TORRICK WILLIAMS, | |
| Defendant. / | |

On November 4, 2010, the Court granted the defendant's motion for discovery seeking disclosure of: "(1) all Bureau of Alcohol, Tobacco & Firearms (ATF) policies concerning recording and memorializing of contacts between informants and suspects and/or undercover agents and suspects; (2) all United States Department of Justice (DOJ) policies concerning recording and memorialization of contacts between informants and suspects, and/or undercover law enforcement officers and suspects." Docket No. 52. In light of the sensitive nature of these policies, the Court granted the government's request for the Court review the responsive policies *in camera* before producing them to defendant. *Id*. at 5.

On December 2, 2010, defendant submitted an *ex parte* filing to the Court, containing a motion summarizing portions of two ATF policies and arguing that the facts of this case support the government's argument that Agent Tucker did not violate these ATF policies. The government also submitted the declaration of an Assistant Special Agent of the ATF, quoting excerpts from the policies and providing an explanation of how certain terms in those policies are interpreted by ATF management. Finally, the government submitted a proposed protective order, attaching redacted copies of the policies at issue.

The Court has reviewed the government's submissions. The Court finds that the information provided is responsive to the Court's November 4, 2010 Order and must be provided to defense counsel. The Court agrees that a protective order should issue allowing defense counsel to review the information, but prohibiting defense counsel from disclosing the information to defendant or to anyone else absent further order of this Court.

The Court, however, has the following unaddressed concerns. First, the government has produced various redacted AFT policies which apply to the undercover operation here, but has produced no general DOJ policies (if any such exist) which also apply. In its motion, the government suggests that it "reads" the Court's November 4, 2010 Order to require production of either specific ATF policies or any applicable DOJ policies, but (by inference) not both. Motion at 2 & n.1. Only redacted ATF policies have been produced. The Court agrees with the government that policies of specific DOJ agencies other than the ATF need not be produced, but if any general DOJ policies exist which apply to the undercover operation here, those too should be produced for *in camera* inspection.

Second, the government also "reads" the Court's November 4, 2010 Order, "to mean that if Agent Tucker did not violate any ATF policies, then the policies could not be used to impeach him, and they are not responsive." Motion at 2. The Court's Order required the government to produce *all* ATF and DOJ policies concerning "recording or memorializing of contacts between informants and suspects and/or undercover law enforcement officers and suspects." The government's belief that Agent Tucker did not violate a policy has no bearing on whether the policy is responsive to the Court's Order. The Court is concerned that the government has read an implied limitation into the Court's November 4, 2010 Order and requires confirmation that no other ATF or general DOJ policies exist "concerning recording and memorializing of contacts between informants and suspects and/or undercover agents and suspects."

For the foregoing reasons, the Court ORDERS as follows:

1. The government's application to seal is GRANTED. The government is ORDERED to file the (1) Ex Parte Motion and [Proposed] Order Regarding In Camera Submission of Government Policies, (2) the Declaration of the Assistant Special Agent, and (3) the [Proposed] Protective Order, under seal on the docket and serve a copy of these documents on defense counsel.

2. These documents are for defense counsel's review only. They shall not be provided to

the defendant or any other person absent order of the Court.

3. On or before December 15, 2010, the government must file a response either producing or confirming that no other ATF or general DOJ policies exist "concerning recording and memorializing of contacts between informants and suspects and/or undercover agents and suspects."

**IT IS SO ORDERED.**

Dated: December 6, 2010

SUSAN ILLSTON
United States District Judge